EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Arnaldo Rosado Molina<br><br>Recurrido<br><br>v.<br><br>Estado Libre Asociado de Puerto Rico, Hon. Secretario de Justicia y otros<br><br>Peticionarios | Certiorari<br><br>2016 TSPR 95<br><br>195 DPR \_\_\_\_ |
|---|---|

Número del Caso: CC-2015-92

Fecha: 18 de mayo de 2016

Tribunal de Apelaciones:

        Región Judicial de Guayama, Panel VIII

Oficina de la Procuradora General:

        Lcda. Margarita Mercado Echegaray
        Procuradora General

        Lcda. Carmen A. Riera Cintrón
        Procuradora General Auxiliar

Materia: Derecho registral inmobiliario: No existe un término para instar una reclamación de reintegro de comprobantes de pago adquiridos para efectuar una operación registral, pero no utilizados, al amparo del Art. 3 de la Ley de Aranceles del Registro de la Propiedad, Ley Núm. 91 de 30 de mayo de 1970, según enmendada, 30 LPRA sec. 1767c.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

Arnaldo Rosado Molina

    Recurrido

        v.                            CC-2015-92      *Certiorari*

Estado Libre Asociado de
Puerto Rico, Hon. Secretario
de Justicia y Otros

    Peticionarios

Opinión del Tribunal emitida por el Juez Asociado SEÑOR ESTRELLA MARTÍNEZ

San Juan, Puerto Rico, a 18 de mayo de 2016.

Este recurso nos exige analizar los postulados de la Ley de Aranceles del Registro de la Propiedad, Ley Núm. 91 de 30 de mayo de 1970 (Ley Núm. 91), según enmendada, en aras de pautar la existencia o inexistencia de un término prescriptivo o de caducidad para incoar una reclamación de reintegro de comprobantes de pago no utilizados al amparo del Art. 3 de la referida ley.

Examinemos la relación fáctica y el trámite procesal que originó la controversia de autos.

I

El 26 de diciembre de 2013, el Sr. Arnaldo Rosado Molina (señor Rosado Molina o recurrido)

presentó una demanda sobre reclamación de reintegro ante el Tribunal de Primera Instancia. En ésta, adujo que suscribió una Escritura de Compraventa e Hipoteca para presentarla ante el Registro de la Propiedad (Registro) y que, a tales fines, el 11 de junio de 2009 adquirió el comprobante de pago de derechos de inscripción Núm. 5111, por la cantidad de $4,750. Alegó que la referida escritura no se presentó para inscripción ante el Registro. En vista de ello, el 21 de noviembre de 2013, presentó una solicitud de reintegro ante el Negociado de Recaudaciones del Departamento de Hacienda (Negociado), para reclamar la devolución del importe del comprobante de pago que no utilizó. El 2 de diciembre de 2013, el Negociado denegó la solicitud según el fundamento de que el comprobante no utilizado caducó. Ante esa denegatoria, el señor Rosado Molina acudió al foro primario y solicitó que se le ordenara al Estado Libre Asociado de Puerto Rico (ELA), por conducto del Departamento de Hacienda (Hacienda), el reembolso de la cuantía pagada por el comprobante de rentas internas que no utilizó.

En respuesta, el ELA presentó una moción de desestimación en la que argumentó que la demanda deja de exponer una reclamación que justifique la concesión de un remedio. En su moción, reconoció que la Ley Núm. 91 dispone para que el contribuyente solicite el reintegro del importe de un comprobante no utilizado, mediante solicitud escrita al Secretario de Hacienda (Secretario). Empero, adujo que la Ley de 12 de febrero de 1904 (Ley de 1904) es la

disposición legal que establece el término para ejercer el derecho a reclamar el reintegro. En específico, sostuvo que la Ley de 1904 dispone el término de caducidad de cuatro años, contados desde la fecha del pago de la cuantía o del ajuste del comprobante, y que es dentro de ese plazo que el contribuyente puede solicitar el reintegro. De esa forma, concluyó que el señor Rosado Molina perdió su derecho a exigir el reembolso del importe del comprobante, por no ejercerlo en el término de cuatro años. Por lo tanto, razonó que no procede ordenarle al ELA la devolución de la cuantía pagada.

En oposición, el señor Rosado Molina arguyó que el caso amerita la concesión de un remedio a su favor, toda vez que pagó a Hacienda unos derechos registrales que no utilizó. Alegó que el Art. 3 de la Ley Núm. 91 es la disposición legal que atiende la devolución de aranceles, sellos y derechos de inscripción no utilizados, y que cumplió con los requisitos allí dispuestos. Adujo que, contrario a lo argumentado por el ELA, el término de caducidad de cuatro años que establece la Ley de 1904 no aplica a su solicitud de reembolso. En apoyo a lo anterior, sostuvo que su reclamación no se trata de un cobro ilegal o indebido, o en exceso, y mucho menos de la corrección de un error. En ese sentido, expresó que:

> No se puede "por inferencia" aplicar esta disposición legal al caso de autos puesto que la transacción jurídica ejercitada es diferente y no [está] contemplada en [esta] [l]ey. Se trata de un comprobante **no utilizado, la transacción jurídica o negocio jurídico que provocó la compra de dicho comprobante no se perfeccionó, dicho evento no está**

**contemplado en las disposiciones legales citadas por el [ELA]**, por tanto es forzoso concluir que existe una ambigüedad en la [l]ey, en cuyo caso no puede interpretarse en contra de la parte más débil quien es el contribuyente frente al Estado.[1]

Por último, solicitó al foro primario que declarara "no ha lugar" la moción de desestimación y le ordenara a Hacienda devolverle el importe de $4,750, por no existir controversia sustancial sobre los hechos materiales en cuanto a la adquisición del comprobante, la no utilización de éste y la cuantía.[2]

En réplica a la oposición presentada por el señor Rosado Molina, el ELA reiteró su petición de desestimación de la demanda por incumplimiento con el término de caducidad dispuesto en la Ley de 1904. En particular, argumentó que en este caso procede la desestimación por no existir controversia en torno a los asuntos siguientes: (1) el 11 de junio de 2009 el señor Rosado Molina adquirió el comprobante por la cantidad de $4,750 y no lo utilizó, (2) solicitó el reintegro a Hacienda el 21 de noviembre de 2013, conforme a lo dispuesto en el Art. 3 de la Ley Núm. 91, (3) el 2 de diciembre de 2013 Hacienda denegó la reclamación, porque el comprobante estaba caducado, y (4) que transcurrieron más de cuatro años desde la fecha en que el señor Rosado Molina compró el comprobante hasta la fecha

_____

[1] *Moción en Oposición a Solicitud de Desestimación*, Apéndice de Petición de *Certiorari*, pág. 36.

[2] El Sr. Arnaldo Rosado Molina también invocó la doctrina del enriquecimiento injusto por parte del ELA. No obstante, nos abstendremos de discutir los argumentos de enriquecimiento injusto por no ser necesario para disponer del presente caso.

en que solicitó la devolución del importe. Para fundamentar su postura en cuanto a la aplicabilidad del referido término de caducidad, arguyó que aun cuando el Art. 3 de la Ley Núm. 91 no haga referencia a un término para presentar la reclamación de reintegro ante el Secretario, ello no debe interpretarse como que no existe tal término.

Según el ELA, es un principio de hermenéutica legal que en materias que se rijan por leyes especiales la deficiencia de éstas se suplirá con las disposiciones del Código Civil o de otras leyes que regulan el mismo asunto. En consecuencia, el ELA razonó que la deficiencia que presenta la Ley Núm. 91, en cuanto al término para reclamar el reintegro de los comprobantes expedidos y no utilizados, quedó suplida por las disposiciones de la Ley de 1904. Aclaró que lo argumentado por el señor Rosado Molina, con relación a la no aplicabilidad de la Ley de 1904 por no tratarse de un caso de cobro ilegal, indebido, en exceso, ni de la corrección de un error, no es cónsono con lo establecido en esa ley. Destacó que el término estatuido en la Ley de 1904 es lo que al día de hoy existe con relación al término para reclamar reintegros, por lo que se utiliza lo allí dispuesto para atender este tipo de reclamaciones. Sostuvo que la Ley de 1904 aplica al caso de autos, pues un comprobante de pago que no se utilizó es una cantidad cobrada para otros fines. En ese sentido, enfatizó que se desprende del historial legislativo de la Ley de 1904 que su título se enmendó en dos ocasiones, mediante la Ley Núm. 388 de 13 de mayo de 1947 y, luego, mediante la Ley Núm.

231 de 10 de mayo de 1949, y que en ambas enmiendas se dispuso para que éste se extendiera al reintegro de ingresos cobrados para otros fines. Por lo tanto, insistió en que la reclamación del señor Rosado Molina está sujeta al término de caducidad de cuatro años que se establece en la Ley de 1904.

Evaluados los escritos de las partes, el 28 de mayo de 2014, el foro primario dictó una sentencia en la cual declaró "no ha lugar" la moción de desestimación presentada por el ELA. En esencia, acogió todos los argumentos esgrimidos por el señor Rosado Molina y ordenó la devolución del importe de $4,750, por entender que no existía controversia sustancial sobre los hechos materiales respecto a la adquisición del comprobante, la cuantía y la no utilización de éste. Posteriormente, denegó una moción de reconsideración presentada oportunamente por el ELA.

Inconforme con tal determinación, el 17 de julio de 2014, el ELA presentó un recurso de apelación ante el Tribunal de Apelaciones, en el que reiteró los argumentos presentados ante el foro primario. En términos generales, señaló que erró el Tribunal de Primera Instancia al concluir que procede el pago del importe del comprobante no utilizado, a pesar de que el contribuyente sometió su solicitud de reintegro ante Hacienda luego de transcurrido el término de caducidad de cuatro años para presentar su reclamo. En apoyo a ese señalamiento de error, añadió que la Ley Núm. 91 es un estatuto tributario, por lo cual los aranceles del Registro tienen el carácter de contribución.

A juicio del ELA, cuando un contribuyente adquiere un comprobante de rentas internas como requisito previo a la realización de una transacción registral, está pagando una contribución que equivale al valor del derecho que pretende inscribir. Por ende, adujo que, de no materializarse la operación registral para la cual se adquirió el comprobante, como ocurrió en el caso de epígrafe, el importe pagado por el comprobante será una contribución no exigible. En consecuencia, razonó que cuando el erario recibe el pago de esa contribución no exigible se trata de un cobro indebido sujeto a las disposiciones de la Ley de 1904.[3] Por su parte, el 19 de agosto de 2014, el señor Rosado Molina presentó un escrito en oposición al recurso de apelación, en el que esencialmente reiteró todos sus argumentos.

El 29 de septiembre de 2014, el foro apelativo intermedio emitió una sentencia, mediante la cual confirmó la determinación del Tribunal de Primera Instancia. Dictaminó que el Art. 3 de la Ley Núm. 91 es la disposición legal que gobierna el presente caso, por tratarse de una reclamación de reintegro de los derechos pagados por un comprobante que no se utilizó, y no un pleito sobre reintegro de contribuciones pagadas en forma ilegal, indebida o en exceso. Por lo tanto, resolvió que en ausencia de un término prescriptivo que impida que el

---

[3]Para fundamentar esta premisa, el ELA hizo referencia al Diccionario de la Real Academia Española, donde se define el término "indebido" como: "Que no es obligatorio ni exigible".

contribuyente ejerza los derechos provistos en el Art. 3 de la Ley Núm. 91, procede el reintegro del importe del comprobante. Oportunamente, el ELA solicitó la reconsideración de la sentencia dictada, la cual fue denegada.

En desacuerdo con ese dictamen, el 28 de enero de 2015, el ELA acude ante este Tribunal mediante una petición de *certiorari*, en la que solicita la revocación de la sentencia emitida por el foro recurrido. Señala que éste erró al no decretar la desestimación de la demanda presentada por el señor Rosado Molina y al concluir que procede la devolución del importe pagado por un comprobante de rentas internas no utilizado.

Así las cosas, el 28 de abril de 2015, expedimos el recurso ante nuestra consideración. Con el beneficio de la comparecencia de las partes en el caso de epígrafe, procedemos a resolver conforme a derecho.

II

En el descargo del deber de pautar el Derecho y de nuestra función adjudicativa, nos corresponde dirimir las controversias y adjudicar los derechos de las partes en este litigio, en atención a los preceptos de la Ley Núm. 91 de 30 de mayo de 1970, según enmendada, también conocida como Ley de Aranceles del Registro de la Propiedad, 30 LPRA secs. 1767a-1767e. En lo que atañe al asunto ante nos, es de particular importancia analizar e interpretar lo dispuesto en el Art. 3 de la citada ley, con miras a determinar si existe un término prescriptivo o de caducidad

para presentar una reclamación de reintegro de un comprobante de pago no utilizado. En esa tarea, es nuestro deber considerar los principios de hermenéutica jurídica.

A.

En nuestro ordenamiento jurídico se han establecido determinadas normas de hermenéutica legal que, en mayor o menor medida, se imponen como principios rectores del ejercicio de nuestra función adjudicativa. San Gerónimo Caribe Project v. Registradora, 189 DPR 849, 868 (2013); Const. José Carro v. Mun. Dorado, 186 DPR 113, 126 (2012). Como es sabido, es un principio cardinal de hermenéutica que cuando la ley es clara y libre de toda ambigüedad, su letra no debe ser menospreciada bajo el pretexto de cumplir su espíritu. Art. 14 del Código Civil de PR, 31 LPRA sec. 14. Véanse, también: San Gerónimo Caribe Project v. Registradora, *supra*, pág. 866; Const. José Carro v. Mun. Dorado, *supra*, pág. 126; IFCO Recycling v. Aut. Desp. Sólidos, 184 DPR 712, 739 (2012); Sánchez Díaz *et al.* v. ELA, 181 DPR 810, 821 (2011); Bomberos Unidos v. Cuerpo de Bomberos *et al.*, 180 DPR 723, 750 (2011); Asoc. Fcias. v. Caribe Specialty *et al.* II, 179 DPR 923, 938 (2010); Alonso García v. SLG, 155 DPR 91, 98 (2001); Pueblo v. Zayas Rodríguez, 147 DPR 530, 538 (1999). Amparándonos en este axioma de interpretación judicial, hemos establecido que "el primer paso al interpretar un estatuto es remitirnos al propio texto de la ley, puesto que cuando el legislador se ha expresado en un lenguaje claro e inequívoco, el propio texto de la ley es la expresión por excelencia de la

intención legislativa". <u>Cordero v. ARPe</u>, 187 DPR 445, 456 (2012). Es decir, no hay necesidad de recurrir al subterfugio de indagar más allá de la ley para cumplir con su propósito legislativo cuando su texto es claro. <u>San Gerónimo Caribe Project v. Registradora</u>, *supra*, pág. 866; <u>Cordero v. ARPe</u>, *supra*, pág. 456; <u>Asoc. Fcias. v. Caribe Specialty *et al.* II</u>, *supra*, pág. 938. En ese sentido, hemos sido diáfanos en establecer que un tribunal no está autorizado a adicionar limitaciones o restricciones que no aparecen en el texto de una ley, ni a suplir omisiones al interpretarla, bajo el pretexto de buscar la intención legislativa. <u>Román v. Superintendente de la Policía</u>, 93 DPR 685, 690 (1966); <u>Meléndez v. Tribunal Superior</u>, 90 DPR 656, 662 (1964). Además, hemos expresado que, de ordinario, debe descubrirse y hacerse cumplir la verdadera intención y deseo del Poder Legislativo, según expresada en la propia letra del estatuto. <u>Cordero v. ARPe</u>, *supra*, pág. 456.

En esos menesteres, debemos interpretar la ley en su conjunto, y no por secciones separadas. Véanse <u>Const. José Carro v. Mun. Dorado</u>, *supra*, pág. 127; <u>Asoc. Fcias. v. Caribe Specialty *et al.* II</u>, *supra*, págs. 939-940. En virtud de lo anterior, estamos obligados a armonizar, en la medida de lo posible, todas las disposiciones de la ley, en aras de obtener un resultado más sensato, lógico y razonable. <u>Orraca López v. ELA</u>, 192 DPR 31 (2014); <u>San Gerónimo Caribe Project v. Registradora</u>, *supra*, pág. 869; <u>IFCO Recycling v. Aut. Desp. Sólidos</u>, *supra*, pág. 741; <u>Asoc. Fcias. v. Caribe Specialty *et al.* II</u>, *supra*, pág. 940. Véase, además: R.

Elfren Bernier y J.A. Cuevas Segarra, Aprobación e interpretación de las leyes en Puerto Rico, 2da ed. rev., San Juan, Pubs. JTS, 1987, pág. 245.

Ahora bien, cuando exista alguna ambigüedad en el texto de la ley debemos procurar que ésta se interprete de tal forma que no se produzca un resultado absurdo o contrario a la verdadera intención o propósito del legislador. Báez Rodríguez et al. v. ELA, 179 DPR 231, 245 (2010). En circunstancias en que existan tales riesgos, los tribunales podrán recurrir a fuentes extrínsecas al texto de la ley. Íd. Véase, también: Pérez v. Mun. de Lares, 155 DPR 697, 706 (2001). Así por ejemplo, será preciso consultar el historial legislativo del estatuto en cuestión para indagar cuál ha sido la voluntad legislativa. Pueblo v. Zayas Rodríguez, supra, pág. 539. Otras fuentes que serán de gran utilidad en la tarea de determinar el significado de un acto legislativo son los informes de comisiones y los debates en el hemiciclo. Const. José Carro v. Mun. Dorado, supra, pág. 127; Pueblo v. Zayas Rodríguez, supra, pág. 539. Véase, también: R. Elfren Bernier y J.A. Cuevas Segarra, op. cit., pág. 243.

A la luz del marco doctrinal expuesto, procedemos a examinar las disposiciones de la Ley Núm. 91 que resultan pertinentes a la controversia de epígrafe. Veamos.

B.

La Ley Núm. 91 estableció el arancel de los derechos que se pagarán por las operaciones en el Registro y, a su

vez, dispuso la forma de pago de estos derechos.[4] Cónsono

con esos propósitos, el Art. 3 de la Ley Núm. 91 establece

que:

> Los derechos que se devenguen por las operaciones registrales, según lo dispuesto en las secs. 1767a a 1767e de este título, se pagarán en las Colecturías de Rentas Internas del Estado Libre Asociado de Puerto Rico o con los sellos, valores o documentos que el Secretario de Hacienda autorizare para estos propósitos y expidiere manual o electrónicamente por sí o por medio de agentes de sellos de rentas internas.
>
> Se expedirá un comprobante de pago. La copia del comprobante comprado en [la] Colecturía o el original del comprobante comprado electrónicamente (ya sea por medio de un agente para la venta de sellos de rentas internas o del Departamento de Hacienda), será entregado al presentarse el documento o los documentos en la sección correspondiente del Registro de la Propiedad de Puerto Rico. El Registrador conservará los comprobantes y formará legajo de los mismos por años fiscales, procediendo a destruir los que pertenezcan a todos los documentos despachados con anterioridad a la fecha en que terminó la última intervención de la Oficina del Contralor, procediendo de igual manera en las intervenciones futuras. El contribuyente solicitará por separado un comprobante de diez dólares ($10) para el asiento de presentación hasta un máximo de tres (3) comprobantes por el total de los derechos de inscripción.
>
> El Registrador anotará el número, la cantidad y fecha de los comprobantes de pago en el libro de presentación o de registro, según sea el caso, y en las copias certificadas de los documentos.
>
> **En aquellos casos en que los comprobantes de pago expedidos para estos propósitos no fueren utilizados por el contribuyente, éste podrá solicitar el reintegro de los derechos así pagados mediante solicitud por escrito al Secretario de Hacienda, acompañando el original y la copia del comprobante de pago originalmente expedido por la Colecturía o el original del comprobante de pago expedido electrónicamente.**

---

[4]Antes de la Ley Núm. 91 estaba en vigor la Ley Núm. 67 de 20 de junio de 1963, 1963 Leyes de Puerto Rico 258, que establecía el arancel del Registro de la Propiedad.

Cuando el importe de los comprobantes de pago exceda de los derechos registrales determinados por el Registrador para la inscripción de cualquier documento, el contribuyente podrá obtener el reintegro de lo pagado en exceso, siempre que así lo solicite por escrito al Secretario de Hacienda. El contribuyente que haya adquirido el comprobante en la Colecturía, acompañará su solicitud con el original del comprobante de pago y una certificación bajo la firma del Registrador donde se haga constar el monto de los derechos reintegrables al contribuyente. El contribuyente que haya adquirido el comprobante electrónicamente acompañará a su solicitud de reintegro la certificación del Registrador y una copia del comprobante certificada por éste. (Énfasis suplido). 30 LPRA 1767c.

A través del citado artículo, se modificó la forma en que originalmente se realizaba el pago de aranceles por operaciones en el Registro. Así, se eliminó el pago de derechos registrales mediante la cancelación de sellos de rentas internas por la emisión de comprobantes de pago en las Colecturías de Rentas Internas. Además, este articulado le confirió la facultad al Secretario de Hacienda para reintegrar los derechos pagados por un comprobante de pago que el contribuyente no utilizó, siempre que se presente una solicitud escrita al Secretario a esos efectos y se acompañe el original y copia del comprobante de pago expedido originalmente por la Colecturía o el original del comprobante expedido electrónicamente, según sea el caso. No obstante, nada se dispuso en cuanto al término para solicitar tal reintegro.

Por otro lado, cabe señalar que luego de la aprobación de la Ley Núm. 91, el Art. 3 ha sido enmendado en múltiples

ocasiones.[5] Sin embargo, ninguna de las enmiendas introdujo cambios o modificó significativamente la disposición que faculta al Secretario a reintegrar el importe de un comprobante de pago no utilizado. Mucho menos se incorporó un límite de tiempo que una persona tendría para solicitar el reintegro.

Como corolario, las disposiciones estatutarias contenidas en la Ley Núm. 91 son claras a los efectos de establecer el proceso mediante el cual se solicita el reintegro de un comprobante de pago que se adquiere para realizar operaciones registrales y no se utiliza. Para ello, el adquirente solicita el reintegro del comprobante no utilizado mediante solicitud escrita al Secretario, acompañada del original y copia del comprobante originalmente expedido por la Colecturía o el original del comprobante expedido electrónicamente.

Empero, para atender el planteamiento presentado por el ELA con relación a la aplicabilidad del plazo de caducidad de cuatro años que se dispone en la Ley de 1904, resulta

---

[5]En 1977, se enmendó por la Ley Núm. 54 de 7 de junio de 1977, 1977 Leyes de Puerto Rico 123, para incluir la disposición sobre la destrucción de las copias de comprobantes de pago. En 1982, se enmendó nuevamente a los fines de aumentar el valor del comprobante de pago de la cantidad de $1 a $2. Ley Núm. 3 de 12 de agosto de 1982 (1982 Leyes de Puerto Rico 222). Luego, se enmendó mediante la Ley Núm. 163 de 10 de agosto de 1988, 1988 Leyes de Puerto Rico 760, para sustituir la aseveración "y otro comprobante por el total de los derechos de inscripción" por "hasta un máximo de tres (3) comprobantes por el total de los derechos de inscripción". Por último, el referido artículo se enmendó en términos generales mediante la Ley Núm. 364 de 28 de diciembre de 1999, 1999 Leyes de Puerto Rico 1715.

necesario que evaluemos los preceptos enunciados en ese estatuto. Procedemos.

C.

La Ley de 12 de febrero de 1904, 13 LPRA secs. 101-102, regula, primordialmente, lo concerniente al reintegro de cantidades cobradas ilegal o indebidamente o en exceso. El ELA esgrime su argumentación basado en la Sec. 2 de esta ley, la cual dispone lo siguiente:

> Siempre que resultare, a satisfacción del Secretario de Hacienda de Puerto Rico, bien a solicitud de cualquier parte interesada, o bien por investigación practicada por el Secretario de Hacienda de Puerto Rico, al hacer la revisión o corrección de los recibos de ingresos de cualquier fuente, **que ilegal o indebidamente o en exceso se han cobrado cantidades de dinero por el Secretario de Hacienda de Puerto Rico o por sus agentes o por cualquier otro funcionario u oficial capacitado legalmente para recaudar y depositar fondos públicos, o que se han ingresado cantidades indebidamente por medio de ajustes o de transferencias**, el Secretario de Hacienda de Puerto Rico o el jefe de departamento o agencia en que se hubieren originado las reclamaciones, quedan por la presente autorizados, con la aprobación del Secretario de Hacienda de Puerto Rico, para librar una orden de pago a favor de la parte interesada reclamante por la cantidad que corresponda o para tramitar el correspondiente comprobante de ajuste para corregir el error; Disponiéndose, que **no se concederá la devolución de cantidades pagadas ilegal o indebidamente o en exceso de la cantidad debida después de transcurridos cuatro (4) años desde la fecha del pago de dichas cantidades o del ajuste de dichos comprobantes, a menos que antes de vencidos dichos cuatro (4) años la parte interesada solicitare del Secretario de Hacienda, por escrito, su devolución;** y Disponiéndose, además, que las secs. 101 y 102 de este título no serán interpretadas en el sentido de autorizar el reintegro de contribuciones de clase alguna cobradas ilegal o indebidamente o en exceso. (Énfasis suplido). 13 LPRA sec. 101.

Según se desprende de la citada disposición, solo se impuso un término de caducidad de cuatro años para

solicitar la devolución de aquellas cantidades cobradas ilegal o indebidamente o en exceso.

Además, surge de sus antecedentes legislativos que este estatuto se ha enmendado en varias ocasiones. No obstante, nos limitamos a exponer aquellas enmiendas que resultan relevantes al presente caso. Mediante la Ley Núm. 388 de 13 de mayo de 1947, 1947 Leyes de Puerto Rico 745, se enmendó la Ley de 1904 para sustituir su título, que para aquel entonces leía: "Ley disponiendo el reintegro de cantidades cobradas indebidamente por concepto de contribuciones", para que leyera: "Ley disponiendo el reintegro de contribuciones y de ingresos por otros conceptos indebidamente cobrados y para otros fines". Transcurrido algún tiempo, se aprobó la Ley Núm. 231 de 10 de mayo de 1949, 1949 Leyes de Puerto Rico 719, mediante la cual se modificó nuevamente el título de la Ley de 1904 para adoptar el lenguaje del actual título, a saber: "Ley disponiendo el reintegro de cantidades cobradas ilegal o indebidamente o en exceso y para otros fines".

Salvo las enmiendas concernientes al título del estatuto, no se ha encontrado nada en el texto o el trámite legislativo de la Ley de 1904 que arroje luz en torno a la aplicabilidad del término de caducidad de cuatro años a los supuestos en que no se utiliza un comprobante de pago que se expidió para los propósitos enunciados en la Ley Núm. 91. En fin, no se ha aprobado ninguna enmienda a la Ley de 1904 que incluya los comprobantes de pago no utilizados que se contemplan en la Ley Núm. 91, para que les aplique el

término de cuatro años para reclamar el reintegro de esos comprobantes. Ello, pues la Ley de 1904 se promulgó expresamente con el objetivo de atender el asunto del reintegro de **cantidades cobradas ilegal o indebidamente o en exceso**. Como vimos, la Ley Núm. 91 tampoco hizo referencia alguna a un plazo para que procediera la devolución del importe de un comprobante de pago no utilizado para una operación registral. Por lo tanto, procede aplicar el texto claro de ambas legislaciones.

A tenor con la normativa jurídica antes expuesta, procedemos a resolver la controversia de epígrafe.

III

Como hemos reseñado, tras la denegatoria del Negociado a su solicitud de reintegro, el señor Rosado Molina instó una demanda ante el foro primario para reclamar la devolución del importe pagado por un comprobante de pago que no utilizó. En apoyo a su reclamación, el recurrido adujo que la disposición legal que gobierna la controversia de autos es el Art. 3 de Ley Núm. 91 y acreditó haber cumplido con lo allí dispuesto. En consideración a la ausencia de un término expreso en la citada ley para ejercer una reclamación de reintegro, el Tribunal de Primera Instancia determinó que no procedía desestimar la demanda incoada por el señor Rosado Molina y ordenó la devolución del importe pagado por el comprobante de pago.

Inconforme con tal proceder, el ELA recurrió al Tribunal de Apelaciones. El referido foro confirmó el dictamen del foro primario y decretó que ante la ausencia

de un término específico en la Ley Núm. 91 que limite el derecho del recurrido a solicitar el reintegro, procede ordenar el pago del importe del comprobante no utilizado. Razonó que el caso de epígrafe está gobernado por lo dispuesto en la Ley Núm. 91, pues no se está ante un pleito sobre reintegro de contribuciones cobradas ilegal o indebidamente, o en exceso. En vista de ello, el ELA comparece ante este Tribunal con la pretensión de que revoquemos el dictamen recurrido.

El ELA plantea que lo resuelto por el foro apelativo intermedio es errado, toda vez que alega que existe un término para ejercer los derechos reconocidos en el Art. 3. Específicamente, aduce que el mencionado artículo tiene una deficiencia que ha quedado suplida con el término de cuatro años dispuesto en la Sec. 2 de la Ley de 1904. Para sostener su postura, el ELA señala que ese plazo de caducidad contenido en la Ley de 1904 es "lo que al día de hoy existe en relación a términos para reclamar reintegros". No podemos estar contestes con tal raciocinio.

El ELA nos solicita que, en nuestro ejercicio de interpretación, apliquemos el plazo de caducidad de cuatro años que se dispuso en la Ley de 1904. Sin embargo, tomar el curso de acción propuesto por el ELA implica desvirtuar el claro lenguaje de ambas legislaciones y soslayar la realidad que motivó su aprobación. Nos explicamos.

La exposición de motivos de la Ley Núm. 91 reitera el fin que persiguió el legislador al aprobarla, a saber: reformar el sistema de pago de aranceles por operaciones

registrales para acelerar la tramitación y despacho de los documentos que se presentan ante el Registro. Exposición de Motivos de la Ley Núm. 91 de 30 de mayo de 1970 (1970 Leyes de Puerto Rico 251). De igual modo, recalca que su aprobación respondió a la necesidad de conciliar las conflictivas interpretaciones que los usuarios del Registro hacían con relación al arancel vigente en aquel momento. Íd. Esos objetivos también se reiteraron durante todo el trámite legislativo para la aprobación de la ley. Así surge de los informes presentados por las comisiones que evaluaron la medida y de la discusión en los procedimientos celebrados por ambos cuerpos legislativos. Véanse Diario de Sesiones de la Asamblea Legislativa (Cámara de Representantes), 1970, Parte III, Vol. 24, págs. 1182-1184; Diario de Sesiones de la Asamblea Legislativa (Senado), 1970, Parte II, Vol. 24, págs. 825-828. Es decir, las disposiciones de la Ley Núm. 91 se pensaron en el contexto particular de las operaciones que se llevan a cabo en el Registro.

Por otro lado, según concluyeron correctamente los foros recurridos, la reclamación presentada por el señor Rosado Molina no se encuentra enmarcada dentro de los tres supuestos contemplados en el texto de la Ley de 1904. El término de caducidad de cuatro años limita la devolución de cantidades pagadas ilegalmente, indebidamente o en exceso de la cantidad correspondida. Aquí el señor Rosado Molina pagó una contribución cuya procedencia está decretada por ley. La cuantía monetaria que sufragó para obtener su

comprobante fue realizada correctamente dentro de un marco legal tributario. Por lo tanto, la cantidad que contribuyó no fue pagada ilegal o indebidamente.

Por otra parte, tampoco estamos ante el supuesto de una cantidad pagada en exceso de lo correspondiente por ley. La contención del señor Rosado Molina es que pagó por un comprobante que nunca utilizó. Por consiguiente, esta no es una situación en la que se reclama la devolución porque se pagó una suma mayor a la que correspondía, sino una donde se reclama la devolución total del importe pagado y no utilizado. El lenguaje de la Ley de 1904 no nos permite concluir que el término de caducidad sea extensivo a la devolución de las cantidades de un comprobante pagadas correctamente, pero no utilizadas.

Por lo tanto, no sería lógico, razonable ni sensato aplicar las disposiciones de la Ley de 1904 al caso particular de los comprobantes de pago que se adquieren para efectuar operaciones registrales y no son utilizados. Ello, toda vez que la Ley Núm. 91 y la Ley de 1904 se promulgaron para fines distintos. Conforme a los materiales legislativos consultados, la voluntad legislativa al aprobar cada uno de estos estatutos respondió a exigencias propias del momento histórico en el que se adoptaron. En ese sentido, no albergamos dudas de que la intención del legislador no fue aplicar a los comprobantes de pago no utilizados el término de caducidad de cuatro años, el cual **solo se contempló para cantidades cobradas ilegal o indebidamente o en exceso.**

Más aún, como ya hemos mencionado, luego de la aprobación de la Ley Núm. 91, el Art. 3 ha sido enmendado en múltiples ocasiones, sin que se haya modificado lo relativo a los comprobantes de pago no utilizados. Tampoco la Ley de 1904 ha sido enmendada a tales efectos. En consecuencia, no podemos acoger la postura del ELA sin que ello conlleve incurrir en la práctica no autorizada ni deseable de dar a la Ley Núm. 91 una redacción judicial distinta a la utilizada por el legislador, intercalando en ella un término que no se contempló. Nótese que validar, por *fiat* judicial, la postura del ELA conduciría al resultado absurdo de equiparar la solicitud del peticionario con los conceptos de pago indebido, ilegal o en exceso de contribuciones, a pesar de que su reclamo no es germano a los mismos y, por el contrario, es materia expresamente regulada por la Ley Núm. 91. Ello, pues como hemos expuesto el comprobante de pago en controversia no está contemplado como una contribución ilegal, indebida o en exceso. Cónsono con lo anterior, hemos manifestado que, en el ejercicio de disipar los vacíos estatutarios, debemos ser cautelosos, toda vez que no podemos adoptar un término prescriptivo, por más analogía que guarde, que frustre la intención que emana de la ley en cuestión o de la política pública que la inspira. Orraca López v. ELA, *supra*, pág. 45.

Por último, en su comparecencia, el ELA también argumenta que la Ley Núm. 91 es un estatuto tributario, cuyos aranceles tienen carácter de contribución, por lo que

resulta forzoso recurrir a la Ley de 1904 para determinar cuál es el término aplicable a los comprobantes de pago no utilizados. Para intentar dar sostén a su contención, insiste en que la Ley de 1904 trata sobre la misma materia que la Ley Núm. 91, por lo cual suple las lagunas o vacíos estatutarios de ésta última. No le asiste la razón.

Esa argumentación contrasta con lo resuelto en reiteradas ocasiones por este Tribunal, en el sentido de que las leyes en materia contributiva **no pueden interpretarse extensivamente, sino de forma justa, y según sus propios términos, para que toda ambigüedad se interprete restrictivamente contra el Estado y a favor del ciudadano.** San Gerónimo Caribe Project v. Registradora, *supra*, pág. 861; IFCO Recycling v. Aut. Desp. Sólidos, *supra*, págs. 741-742; Pagán Rodríguez v. Registradora, 177 DPR 522, 537 (2009). Véase, también: BBC Realty v. Secretario Hacienda, 166 DPR 498, 511 (2005). Así pues, no podemos avalar una interpretación de la ley que atenta contra la intención que emana de ella y los más elementales principios de justicia. No existen bases, ni en la letra ni el espíritu de la Ley Núm. 91, que justifiquen imponer un término prescriptivo o de caducidad en estos casos. Resolver de otra manera resultaría en una injusticia, pues siendo el contribuyente la parte más débil quedaría privado de ejercer su derecho a exigir la devolución de la cantidad que pagó para realizar una operación registral que no se efectuó, aun cuando la Asamblea Legislativa no facultó al Secretario de Hacienda a retener esa cuantía. Más

importante aún, la imposición de un término para instar una reclamación de reintegro, en virtud de lo preceptuado en el Art. 3 de la Ley Núm. 91, constituiría una usurpación del Poder Legislativo, quien tiene la potestad de legislar un término y ha optado por no hacerlo.

Con la convicción de que no ha sido la voluntad legislativa imponer un plazo para ejercitar la causa de acción que nos ocupa al amparo del Art. 3 de la Ley Núm. 91, resolvemos que no existe un término para interponer una reclamación de reintegro del importe de un comprobante de pago adquirido para efectuar una operación registral, pero no utilizado. Por lo tanto, en el caso ante nos, el Secretario de Hacienda venía obligado a reintegrarle al señor Rosado Molina los $4,750 que pagó por el comprobante que no utilizó. Ello, toda vez que éste acreditó haber adquirido un comprobante de pago por esa cuantía, que no utilizó el comprobante y que reclamó el reintegro del importe pagado mediante solicitud escrita al Secretario.

IV

Por los fundamentos que anteceden, procede confirmar la sentencia emitida por el Tribunal de Apelaciones.

Se dictará Sentencia de conformidad.

Luis F. Estrella Martínez
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Arnaldo Rosado Molina

    Recurrido

       v.                        CC-2015-92      *Certiorari*

Estado Libre Asociado de
Puerto Rico, Hon. Secretario
de Justicia y Otros

    Peticionarios

SENTENCIA

San Juan, Puerto Rico, a 18 de mayo de 2016.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente Sentencia, se confirma la sentencia emitida por el Tribunal de Apelaciones.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez disiente sin opinión escrita.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo