EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Puma Energy Caribe, LLC<br><br>Peticionaria<br><br>v.<br><br>Tropigas de Puerto Rico, Inc., *et als.*<br><br>Recurridos | Certiorari<br><br>2019 TSPR 81<br><br>202 DPR \_\_\_\_ |

Número del Caso: CC-2018-65

Fecha: 30 de abril de 2019

Tribunal de Apelaciones:

  Región Judicial de San Juan – Caguas, Panel I

Abogados de la parte peticionaria:

  Lcdo. Carlos A. Dasta Meléndez
  Lcdo. Elías F. Sánchez Sifonte
  Lcdo. Rodolfo Carrión Vargas

Abogados de los recurridos:

**Empresas Gas Company**

  Lcdo. Manuel Fernández Mejías

**Tropigas de Puerto Rico, Inc.**

  Lcdo. Ramón Cotto Ojeda

**Gas Ideal**

  Lcdo. Néstor M. Méndez Gómez
  Lcdo. José A. Alvarado Vázquez

Materia: Derecho Administrativo – El requisito de que una solicitud presentada ante la Administración de Servicio Público esté juramentada es un requisito de forma, que puede ser subsanado durante el trámite administrativo.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Puma Energy Caribe, LLC<br><br>      Peticionaria<br><br>           v.<br><br>Tropigas de Puerto Rico,<br>Inc., *et als.*<br><br>      Recurridos | CC-2018-0065 | *Certiorari* |

El Juez Asociado señor ESTRELLA MARTÍNEZ emitió la Opinión del Tribunal.

San Juan, Puerto Rico, a 30 de abril de 2019.

En esta ocasión, nos corresponde resolver si la omisión en juramentar una *Solicitud de enmienda de autorización* presentada ante la Comisión de Servicio Público funge como impedimento jurisdiccional para atender la misma o si, por el contrario, constituye un mero error de forma. Ello, tomando en consideración lo contenido en el Art. 23 de la Ley de Servicio Público, infra.

Adelantamos que, en virtud de un análisis armonioso de lo contenido en el precitado artículo y las Reglas de Procedimiento Administrativo de la Comisión de Servicio Público, infra, el requisito de juramentación antes señalado es un mero error de forma, el cual puede ser

subsanado durante la tramitación de los procedimientos ante ésta. Con eso en mente, procedamos a puntualizar el contexto fáctico, procesal y jurídico en el cual se desarrolla la presente controversia.

**I**

El 21 de mayo de 2015, Puma Energy, LLC (Puma o peticionario) presentó ante la Comisión de Servicio Público (CSP o Comisión) una *Solicitud de enmienda a autorización*, sin estar juramentada. Ello, a los fines de que se le permitiera construir una nueva planta embotelladora, para añadir a su negocio la venta de gas licuado. Puma acompañó con su solicitud varios documentos que, a su entender, tendían a demostrar la necesidad y conveniencia del servicio a prestar por ésta. Entre esos documentos, se encontraban: dieciocho (18) endosos por parte de compañías interesadas en los servicios de Puma y una resolución corporativa autorizando al Sr. Víctor Domínguez a representarla en todos los procedimientos frente a la CSP. Igualmente, sometieron una declaración jurada autorizando a su representación legal a gestionar todos los trámites ante la Comisión y certificando que los documentos que acompañaban la solicitud eran correctos y verdaderos.

Siguiendo el trámite dispuesto para aprobar una petición como la presente, se publicaron dos avisos públicos informando la solicitud de Puma. En éstos, se les notificó a las personas interesadas en intervenir u

oponerse el término que tenían para ello. Oportunamente, comparecieron ante la CSP, para oponerse a la solicitud de Puma: Tropigas, Gas Ideal, Empresas de Gas, Liquilux y Santurce Gas (recurridos).

Consecuentemente, la Comisión celebró varias vistas públicas, para fines de determinar la procedencia, necesidad y conveniencia de la solicitud presentada por el peticionario. Durante el trámite administrativo, la parte peticionaria otorgó la correspondiente declaración jurada para subsanar el error de forma de su solicitud, lo cual fue permitido y aceptado por la Comisión.

Luego de varios incidentes procesales, el 22 de noviembre de 2016, la CSP emitió una Resolución y Orden mediante la cual autorizó la solicitud sometida por Puma. Los recurridos solicitaron individualmente reconsideración a la Comisión, las cuales declaró "no ha lugar".

Inconformes con ese proceder, los recurridos presentaron un recurso de revisión judicial ante el Tribunal de Apelaciones. Arguyeron que la CSP actuó erróneamente al conceder y autorizar la solicitud presentada por el peticionario. Adujeron, en síntesis, que la Comisión evaluó incorrectamente la solicitud, toda vez que no se probó la necesidad y conveniencia del proyecto propuesto por Puma. Asimismo, y en lo concerniente a la controversia ante nos, sostuvieron que la Comisión erró al determinar que la falta de juramentación de la solicitud era un mero error de forma.

Evaluada la controversia, el foro apelativo intermedio dictó sentencia, en la cual determinó que la omisión de juramentar la *Solicitud de enmienda a autorización* priva de jurisdicción a la CSP de poder atender la misma. En esencia, sostuvo que evaluar la referida solicitud sin cumplir con los requisitos del Art. 23 de la Ley de Servicio Público de Puerto Rico, Ley Núm. 109 de 28 de junio de 1962, (27 LPRA sec. 1110 (d)), constituye una actuación ultra vires. Por tal motivo, concluyó que esa omisión privaba de jurisdicción a la CSP para considerar la solicitud presentada por Puma.

Así las cosas, Puma recurre ante nos mediante recurso de certiorari para que revoquemos el dictamen emitido por el foro apelativo intermedio. A esos efectos, señala que el Tribunal de Apelaciones cometió los siguientes errores:

> Erró el Tribunal de Apelaciones al concluir que la falta de juramento en una solicitud de autorización presentada a la Comisión de Servicio Público para enmendar una franquicia de gas existente priva de jurisdicción a la agencia para iniciar el trámite correspondiente.

> Erró [el] Tribunal de Apelaciones al determinar que la Comisión de Servicio Público no tiene autoridad para considerar el juramento de la solicitud prestado por el peticionario durante el proceso administrativo y, por consiguiente, erró al determinar que la agencia actuó "ultra vires" y que la decisión administrativa es nula.

> Erró el Tribunal de Apelaciones al no sostener una interpretación razonable de la Comisión de Servicio Público sobre la ley y los reglamentos que le corresponde poner en vigor referente al trámite de solicitudes de autorización con las que brega día a día.

Por los errores antes mencionados estar sumamente entrelazados, se discutirán de manera conjunta.

Expedido, el 23 de febrero de 2018, el recurso de certiorari y con el beneficio de los alegatos de las partes, procedemos a resolver.

## II

## A.

La Comisión de Servicio Público fue creada por virtud de la Ley de Servicio Público de Puerto Rico (Ley de Servicio Público), Ley Núm. 109 de 28 de junio de 1962, 27 LPRA secs. 1001 et seq., con el propósito de proteger a la comunidad en general, mediante la reglamentación y fiscalización de aquellas compañías que provean servicios públicos. Ello, toda vez que éstas, en no pocas ocasiones, tienden a crear externalidades que afectan el interés público. Véanse, Depto. Justicia v. Jiménez, 199 DPR 293 (2017); Viajes Gallardo v. Clavell, 131 DPR 275, 284-285 (1992).

Para fines de lograr el objetivo antes señalado, la Ley de Servicio Público, supra, reconoce en su Art. 36, 27 LPRA sec. 1123, la facultad de la Comisión para adoptar aquellas reglas necesarias y propias para el ejercicio de sus facultades y/o para el desempeño de sus deberes.

A la luz de lo antes señalado, resulta menester recordar que los reglamentos adoptados por las agencias administrativas, en virtud de sus leyes orgánicas, sirven

para darle contorno y contenido a esas facultades delegadas por la Asamblea Legislativa. <u>Buono Correa v. Srio. Rec. Naturales</u>, 177 DPR 415, 450 (2009); J. A. Echevarría Vargas, <u>Derecho Administrativo Puertorriqueño</u>, 4ta ed., San Juan, Situm, 2017, págs. 91-92. Es decir, las leyes habilitadoras de las agencias sirven para establecer las pautas generales que éstas pretenden alcanzar mediante la delegación de varias facultades legales, mientras que los reglamentos tienen como fin complementar con especificidad esa delegación de autoridad. Íd. pág. 92.

**B.**

En lo pertinente a la controversia ante nos, y como eje medular de la misma, el Art. 23 de la Ley de Servicio Público, <u>supra</u>, 27 LPRA sec. 1110, dicta el procedimiento a seguir para presentar una solicitud de autorización ante la CSP.[1] En esencia, ese artículo provee el marco conceptual para presentar una solicitud de autorización a la Comisión. En ese sentido, delinea detalladamente el contenido con el cual deben contar esas solicitudes. Íd. Asimismo, el inciso (d) de ese artículo establecía que toda solicitud para autorización presentada ante la CSP

---

[1]Las solicitudes de autorización sirven para que la Comisión de Servicio Público (CSP o Comisión) evalúe y determine la procedencia de proyectos y ciertos negocios llevados a cabo por las compañías sujetas a la jurisdicción de ésta.

debía constar por escrito y bajo juramento. 27 LPRA sec. 1110 (d) (ed. 2017).[2]

Ahora bien, ciertamente, ese artículo no puede leerse en un vacío, sino que hay que interpretarlo en conjunto con otras partes pertinentes de la ley que complementan el mismo, con el fin de obtener un resultado sensato, lógico y razonable. Rosado Molina v. ELA, 195 DPR 581, 589-590 (2016); Art. 14 del Código Civil, 31 LPRA sec. 14. Véase,

---

[2]Adviértase que el requisito relacionado a que las solicitudes presentadas ante la CSP estén juramentadas fue eliminado por virtud de la Ley de Transformación Administrativa de la Comisión de Servicio Público, Ley Núm. 75 de 6 de agosto de 2017 (27 LPRA sec. 1110 (ed. 2017 & Supl. 2018)). En el nuevo lenguaje del Art. 23, la precitada ley deja a la discreción de la Comisión, por medio de su reglamentación, los requisitos con que deben cumplir las solicitudes presentadas ante la CSP. A tales efectos, el artículo mencionado lee como sigue:

> Toda solicitud para autorización de la Comisión será presentada por escrito en la Comisión, en un Centro de Servicios Integrados (CSI) o a través de la página cibernética oficial del Gobierno de Puerto Rico para la integración de los permisos, **se hará en la forma y contendrá la información que la Comisión exija por reglamento.** Íd. (énfasis suplido).

Según se desprende de lo anterior, la Ley de Transformación Administrativa de la Comisión de Servicio Público, supra, elimina del lenguaje de la Ley de Servicio Público, supra, lo referente al requisito de juramentación de las solicitudes. Ahora bien, a todas luces, esa misma enmienda aún deja a la discreción de la Comisión la potestad de que ésta, por medio de reglamentación, **disponga la forma** en que se presentarán esas solicitudes. Por tal motivo, aunque ciertamente el requisito de juramentar las solicitudes fue eliminado del lenguaje de la Ley de Servicio Público, supra, aún permanece válidamente contenido en las Reglas de Procedimiento Administrativo de la Comisión de Servicio Público, Reglamento Núm. 7076 de la Comisión de Servicio Público de 21 de diciembre de 2005, por lo que persiste la necesidad de delimitar el alcance del mismo.

además, <u>Mun. San Juan v. Banco Gub. Fomento</u>, 140 DPR 873 (1996); <u>cf.</u> <u>Pueblo v. Zayas Rodríguez</u>, 147 DPR 530 (1999).

En primer término, el mismo inciso (c) del Art. 23 de la Ley de Servicio Público, <u>supra</u>, refiere al lector a los incisos (e) y (f), <u>supra</u>, de la solicitud no cumplir con los requisitos del inciso (d), 27 LPRA sec. 1110 (d), dentro de los cuales se encuentra que la solicitud presentada esté debidamente juramentada. Al examinar el inciso (f), se puede razonablemente concluir que el mismo provee para que la CSP le permita a la parte solicitante una oportunidad para justificar o corregir cualquier defecto en su solicitud, ya sea para asuntos de contenido o de forma. 27 LPRA sec. 1110 (f). Ello, toda vez que su lenguaje es sumamente amplio y abarcador al disponer para que la CSP provea al solicitante una oportunidad razonable para contestar cualquier notificación respecto a un defecto en su solicitud. Es decir, resulta diáfano que la misma ley contempla situaciones en las cuales el solicitante no cumpla cabalmente con lo dispuesto en ese artículo. A esos efectos, provee para que la CSP pueda remediar esos defectos, con tal de poder atender, propiamente, las solicitudes presentadas ante ésta. De igual modo, el Art. 74 de la precitada ley, actual Art. 89, sostiene lo siguiente:

> Las disposiciones de esta ley deben ser interpretadas en el sentido de permitir a la Comisión el uso amplio de sus poderes mediante la formulación de normas que puedan enfrentarse a condiciones cambiantes y hacer

mejor uso de la experiencia adquirida siempre que ello sea en beneficio del interés público. 27 LPRA sec. 1001 nota.

Por otra parte, y para brindar mayor sentido al artículo en controversia, resulta conveniente analizar las partes pertinentes de las Reglas de Procedimiento Administrativo de la Comisión de Servicio Público, Reglamento Núm. 7076 de la Comisión de Servicio Público de 21 de diciembre de 2005, aplicable al caso de autos. Éste contiene varios artículos que arrojan luz a la controversia que hoy consideramos. Veamos.

Emulando lo establecido en el Art. 23(d) de la Ley de Servicio Público, supra, el Art. II, Sec. 3.07 de las precitadas reglas requiere, igualmente, que las solicitudes presentadas ante la CSP estén debidamente juramentadas. Ahora bien, la Sec. 41.01 del Art. X de esas reglas sostiene que todas éstas no serán interpretadas en el sentido de extender o limitar la jurisdicción y los poderes de la Comisión. Reglas de Procedimiento Administrativo de la Comisión de Servicio Público, supra, Art. X, Sec. 41.01. Como corolario de lo anterior, la Sec. 40.01 del precitado artículo establece lo siguiente:

> Los errores de forma en las órdenes u otras partes del expediente y los que aparezcan en las mismas por inadvertencia u omisión, podrán corregirse por la Comisión en cualquier tiempo, a su propia iniciativa, o a moción de cualquier parte, previa notificación, si ésta se ordenare por la Comisión. Íd. sec. 40.01.

De igual modo, la Sec. 40.04 de ese mismo artículo sostiene que "[d]urante el transcurso de un procedimiento administrativo, la Comisión hará caso omiso de cualquier error o defecto en el mismo que no afecte los derechos sustanciales de las partes". Íd. sec. 40.04. Nótese, además, que este procedimiento es de tal flexiblidad que la Sec. 40.02 establece que "[d]urante la tramitación de un Recurso de Revisión o certiorari, podrán corregirse dichos errores [de forma] antes de elevar el expediente administrativo al Tribunal de Apelaciones y posteriormente, sólo podrán corregirse previo al correspondiente permiso de dicho tribunal". Íd. sec. 40.02.

Como se desprende de lo anterior, tanto la Ley de Servicio Público, supra, como las Reglas de Procedimiento Administrativo de la Comisión de Servicio Público, supra, contemplan soluciones a situaciones en las cuales la parte solicitante omite cierta formalidad en el trámite de una solicitud. Es decir, esas mismas fuentes de ley proveen para que se puedan subsanar esos errores, previo a que se lleve a cabo cualquier determinación. Lo anterior, en gran medida responde a la flexibilidad e informalidad que distingue a los procedimientos administrativos. Cruz Parrilla v. Depto. Vivienda, 184 DPR 393, 402 (2012); Otero v. Toyota, 163 DPR 716, 733 (2005).

C.

Las interpretaciones que las agencias administrativas lleven a cabo en relación a sus reglamentos son evaluadas a la luz de los criterios de razonabilidad y consistencia. D. Fernández Quiñones, Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme, 3ra ed., Forum, 2013, sec. 9.5, pág. 726. Ello, respaldado por el hecho de que, generalmente, las decisiones de las agencias son merecedoras de considerable deferencia judicial. Echevarría Vargas, op. cit., pág. 324. Ahora bien, lo anterior no equivale a que esa deferencia sirva como escudo que impida la revisión judicial, puesto que ésta se pone a un lado cuando la determinación o acción de la agencia administrativa es arbitraria, ilegal o irrazonable. DACo v. Toys R Us, 191 DPR 760 (2014) (Sentencia). Es decir, "las conclusiones e interpretaciones de los organismos administrativos especializados merecen gran consideración y respeto y que su revisión judicial se limita a determinar si la agencia actuó arbitraria o ilegalmente o en forma tan irrazonable que su actuación constituyó un abuso de discreción." San Vicente v. Policía de P.R., 142 DPR 1, 6 (1996); Otero v. Toyota, supra; Echevarría Vargas, op. cit., pág. 325.

**III**

La controversia ante nos versa sobre el requisito de juramentación a las solicitudes presentadas ante la CSP. Ello, según emana del Art. 23 de la Ley de Servicio

Público, supra. En ese sentido, nos corresponde resolver si incurrir en tal error de forma priva a la Comisión de poder actuar en torno a las solicitudes que se presenten ante ésta.

En cuanto a los hechos particulares del presente caso, Puma, ciertamente, presentó una *Solicitud de enmienda a autorización* ante la CSP sin estar juramentada. No obstante, la CSP correctamente determinó que ese requisito era un mero error de forma, mas no uno jurisdiccional. A tales efectos, autorizó la solicitud presentada por Puma. Ante ese cuadro, los recurridos acudieron al Tribunal de Apelaciones sosteniendo, en síntesis, que la omisión en juramentar la solicitud privaba a la CSP de atender la misma y que actuar a pesar de esa omisión, constituía una actuación ultra vires.

Examinado detenidamente el expediente, se desprende con meridiana claridad que Puma rectificó, de manera diligente, los errores que cometió en la presentación de la solicitud en cuestión. Ello, pues, el 7 de marzo de 2016, otorgaron una declaración jurada, con el fin de subsanar la omisión de juramentación de su solicitud.[3]

Según expresado anteriormente, tanto la Ley de Servicio Público, supra, como las Reglas de Procedimiento Administrativo de la Comisión de Servicio Público, supra, exigen que las solicitudes presentadas ante la CSP estén juramentadas. De igual modo, esas fuentes de derecho

---

[3]Véase, Apéndice del certiorari, pág. 1950.

contemplan métodos flexibles para atender la omisión de juramentar una solicitud. En otras palabras, esos cuerpos normativos proveen para poder enmendar aquellos errores que no sean perjudiciales a las partes en los procedimientos.

En virtud de lo anterior, resolvemos que el requisito de que las solicitudes sometidas ante la consideración de la Comisión estén juramentadas es un requisito de forma, el cual no acarrea que se le prive de jurisdicción a la CSP para que actúe en torno a cierta solicitud, siempre y cuando, sea subsanado durante el trámite administrativo. Ciertamente, ni la Ley de Servicio Público, supra, ni las Reglas de Procedimiento Administrativo de la Comisión de Servicio Público, supra, disponen expresamente que ese requisito sea de carácter jurisdiccional. De igual forma, en virtud de lo esbozado en esta Opinión, ese requisito no puede fungir como punta de lanza para desvirtuar las características que distinguen a los procedimientos administrativos. Máxime, cuando fue la propia Comisión quien llevó a cabo la determinación de que tal omisión constituía un mero error de forma a la luz de las normas discutidas en esta Opinión.

Ahora bien, adviértase que lo anterior es cierto, siempre y cuando, tal omisión no desemboque en afectar los derechos sustanciales de las partes. En este caso en particular, tal preocupación es inexistente, toda vez que

las partes acudieron oportunamente y participaron activamente en todas las etapas del proceso administrativo.

**IV**

Por los fundamentos antes expuestos, concluimos que erró el Tribunal de Apelaciones al revocar la Resolución y Orden de la Comisión al determinar que la juramentación en las solicitudes presentadas ante la CSP es un requisito que priva a la Comisión de jurisdicción para atender las mismas. Ello, toda vez que, a la luz de lo expuesto en esta Opinión, el requisito de juramentación es uno de forma, mas no jurisdiccional, y el error de forma se corrigió. Por tal razón, revocamos la sentencia recurrida y se reinstala  en

su totalidad la Resolución y Orden de la Comisión de Servicio Público.


                        Luis F. Estrella Martínez
                             Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Puma Energy Caribe, LLC<br><br>Peticionaria<br><br>v.<br><br>Tropigas de Puerto Rico, Inc., et als.<br><br>Recurridos | CC-2018-0065 | Certiorari |
| --- | --- | --- |

SENTENCIA

San Juan, Puerto Rico, a 30 de abril de 2019.

Por los fundamentos antes expuestos, concluimos que erró el Tribunal de Apelaciones al revocar la Resolución y Orden de la Comisión al determinar que la juramentación en las solicitudes presentadas ante la CSP es un requisito que priva a la Comisión de jurisdicción para atender las mismas. Ello, toda vez que, a la luz de lo expuesto en esta Opinión, el requisito de juramentación es uno de forma, mas no jurisdiccional, y el error de forma se corrigió. Por tal razón, se revoca la sentencia recurrida y se reinstala en su totalidad la Resolución y Orden de la Comisión de Servicio Público.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Colón Pérez disiente sin opinión escrita. El Juez Asociado señor Rivera García no intervino.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo